[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 13 2001
THOMAS K. KAHN
CLERK

_____

No. 00-11955

_____

D. C. Docket No. 98-01066 CV-WDF

CATHLEEN MURRAY, SHELLY WILSON, et al.,

Plaintiffs-Appellees,

versus

CHARLES AUSLANDER,
Acting Administrator of DFCS District 11,
STATE OF FLORIDA, AGENCY FOR
HEALTH CARE ADMINISTRATION,
by the highest ranking official, et al.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 13, 2001)**

Before WILSON, KRAVITCH and COX, Circuit Judges.

KRAVITCH, Circuit Judge:

The State of Florida and several Florida officials (collectively the "Defendants") appeal the district court's order certifying a plaintiff class of developmentally disabled persons who have been denied services for which they are eligible under Florida's Home and Community Based Waiver Program. Defendants contend: (1) that every named plaintiff either lacked standing or possessed moot claims at the time of certification; (2) that the named plaintiffs lack commonality and typicality of claims; (3) that the class definition is overly broad; and (4) that the plaintiffs' class is subsumed in the certified class of another lawsuit. After careful consideration, we vacate the class certification order and remand for further proceedings not inconsistent with this opinion.

## I. BACKGROUND

Plaintiffs are developmentally disabled individuals participating in the Medicaid program under Florida's Home and Community Based Waiver Program ("Waiver Program").[1] On May 12, 1998, Plaintiffs filed a class action lawsuit in

---

[1]Medicaid is a federal-state program "through which the federal government furnishes financial assistance to the states so that the states may provide necessary medical, rehabilitation, and other services to low-income persons." Prado-Steiman v. Bush, 221 F.3d 1266, 1268 (11th Cir. 2000); see Medicaid Act, Title XIX of the Social Security Act, 42 U.S.C. § 1396, et seq. Because Florida participates in the Medicaid program, it is obligated to provide Medicaid services to all of Florida's Medicaid-eligible and developmentally disabled persons either in an Intermediate Care Facility for the Developmentally Disabled ("ICF/DD") or through the Waiver Program. See 42 U.S.C. § 1396n. Under the Waiver Program, the Secretary of Health and

federal court, challenging the manner in which Defendants administer the Waiver Program. Plaintiffs allege violations of Title XIX of the Social Security Act, § 1396n (c)(2)(A); the Fourteenth Amendment to the United States Constitution; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. Specifically, Plaintiffs contend that, contrary to federal law, Defendants routinely deny needed Home and Community Based Waiver ("HCBW") services to Medicaid-eligible, developmentally disabled individuals based on funding concerns rather than medical necessity concerns.[2]

According to the plaintiffs, Defendants have implemented a policy which "caps" the amount that Florida will spend on services for a particular individual regardless of changes in that individual's condition or needs. Plaintiffs assert that the "cap" used by Defendants equals the cost of an individual's HCBW services as of the day he or she entered the Waiver Program. Consequently, participants of the Waiver Program allegedly are forced to select between certain needed HCBW services despite their admitted eligibility for all such services. Plaintiffs seek

---

Human Services ("Secretary") may "grant a waiver to a state under which approved costs of home- and community–based services are reimbursed for eligible individuals who otherwise would require care in an ICF/DD facility, but who instead elect to remain in their homes." Prado-Steiman, 221 F.3d at 1268; see § 42 U.S.C. 1396n(c)). Florida has chosen to participate in the Waiver Program.

[2]Federal law allows Medicaid plans to apply a "medical necessity" test to all applicants. See Prado-Steiman, 221 F.3d at 1268; see also 42 CFR § 440.230(d).

declaratory and injunctive relief which would require Defendants to provide all necessary HCBW services for participants of the Waiver Program whom Defendants already have deemed eligible to receive such services. Plaintiffs also seek compensatory damages under the ADA.

On May 13, 1998, the day after Plaintiffs filed this class action, another group of developmentally disabled individuals filed a class action in which they also challenged Florida's administration of the Waiver Program. See Prado-Steiman v. Bush, No. 98-06496 (S.D. Fla. Mar. 30, 1999), vacated by Prado-Steiman v. Bush, 221 F.3d 1266 (11th Cir. 2000). The district court certified the Prado-Steiman class in March 1999, but this court vacated the certification order and remanded for further proceedings. See Prado-Steiman, 221 F.3d at 1283.

On February 22, 2000, the district court in the instant case certified the following class under Fed. R. Civ. P. 23(b)(2):

> All developmentally disabled individuals participating in the Home and Community-Based Waiver who are not receiving needed services under the Waiver for which they are qualified and eligible.

Defendants sought an interlocutory appeal of the class certification decision under Rule 23(f) and we granted permission to appeal.

## II. DISCUSSION

### A.

4

We review orders granting class certification for abuse of discretion. Prado-Steiman, 221 F.3d at 1278. In order to obtain class certification, plaintiffs first must satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation specified in Rule 23(a).[3] General Tele. Co. of the Southwest v. Falcon, 457 U.S. 147, 156 (1982). Here, the district court found that the named plaintiffs met all four prerequisites. Defendants disagree, arguing that the class lacks commonality and typicality of claims because none of the named plaintiffs demonstrated that they have Article III standing and that they possessed claims that were not moot at the time of certification.

Prado-Steiman v. Bush involved a similar challenge to the district court's class certification order. In that case, the defendants argued that the class did not satisfy the commonality and typicality requirements because plaintiffs made no showing that at least one of the named plaintiffs possessed individual standing to raise each class claim. 221 F.3d at 1277. Addressing the defendants' objection,

---

[3]In addition, plaintiffs have to demonstrate that one of the three conditions of Rule 23(b), subsections (1), (2), or (3) apply: "that either (1) prosecution by separate actions would create a risk of inconsistent results; (2) the defendant has acted in ways generally applicable to the class, making declaratory or injunctive relief appropriate; or (3) common questions of law or fact predominate over individual issues." Moore v. American Fed'n of Television and Radio Artists, 216 F.3d 1236, 1241 (11th Cir. 2000). The district court found that the plaintiffs' action met the threshold requirements of Rule 23(b)(2) because Plaintiffs alleged that Defendants refused to provide services to Medicaid eligible individuals on grounds generally applicable to the class.

5

we held that "prior to the certification of a class, and technically speaking before undertaking any formal typicality or commonality review, the district court must determine that at least one named class representative has Article III standing to raise each class subclaim." Id. at 1279; see also Tucker v. Phyfer, 819 F.2d 1030, 1033 (11th Cir. 1987) (concluding that where no exception applies, class action is moot if no named plaintiff's claim is live on date of certification).  Our holding in Prado-Steiman reconfirmed the well-settled rule that "any analysis of class certification must begin with the issue of standing . . . ." Griffin v. Dugger, 823 F.2d 1476, 1482 (11th Cir. 1987).  Nevertheless, in Prado-Steiman, we determined that the record was not sufficiently developed to enable us to conduct the fact-specific inquiry necessary to resolve the defendants' standing challenge on appeal. Accordingly, we remanded the case to the district court and directed it to ensure that the standing requirement was satisfied.  221 F.3d at 1280.

In the present case,  Defendants argue that none of the named plaintiffs had live claims at the time the court certified the class because "every one of the named plaintiffs either voluntarily decided not to seek a service allegedly denied, had obtained it, or did not actually need it."  We believe that a resolution of this standing/mootness challenge necessitates the same fact-specific inquiry required in Prado-Steiman.  As in Prado-Steiman, this inquiry requires that we examine

6

"factual proffers, through affidavits and other evidentiary documents, that have not been developed sufficiently as of now."[4] 221 F.3d at 1280. In accordance with our holding in Prado-Steiman, we remand this case to the district court and direct it to conduct an evidentiary inquiry to determine whether at least one named representative of the class has standing to bring a non-moot claim.[5] See id. If the district court finds that the named plaintiffs' claims were moot at the time of certification, then it should consider whether any exceptions to the mootness doctrine apply. See, e.g., Jews for Jesus, Inc. v. Hillsborough County Aviation Auth., 162 F.3d 627, 629 (11th Cir. 1998) (explaining that voluntary cessation of challenged practice renders case moot only if there is no reasonable expectation that challenged practice will resume after lawsuit is dismissed); Sierra Club v. Martin, 110 F.3d 1551, 1554 (11th Cir. 1997) ("To satisfy the 'capable of repetition, yet evading review' exception to mootness, the Supreme Court has required that (1) there be a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2)

---

[4]It does not appear that the district court conducted any standing/mootness inquiry before concluding that Plaintiffs met the commonality and typicality requirements.

[5]Although Prado-Steiman specifically dealt with issues of standing, its holding equally applies to the mootness doctrine. See Atlanta Gas Light Co. v. FERC, 140 F.3d 1392, 1401 (11th Cir. 1998) ("Mootness has been described as the doctrine of standing set in a time frame . . . .") (internal quotation marks and citation omitted).

the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration.").

B.

In addition, Defendants argue that the named plaintiffs lack commonality and typicality of claims with other class members because issues subject to individualized proof allegedly predominate over issues subject to generalized proof. For example, Defendants contend that in order to establish liability, each Plaintiff must demonstrate that he or she is eligible to receive a particular HCBW service. According to Defendants, the chief criteria for eligibility are medical necessity and individual need, two elements which they contend may only be determined through individual hearings. See Chandler v. City of Dallas, 2 F.3d 1385, 1396 (5th Cir. 1993) (holding that determinations of whether an individual is handicapped are necessarily individualized inquiries, making class certification and class relief inappropriate). In addition, Defendants contend that individual hearings are necessary to determine why Plaintiffs were denied a particular service.

A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3). See Prado-Steiman, 221 F.3d at 1279. The typicality requirement may be satisfied despite substantial factual differences, however, when there is a "strong similarity of legal

8

theories." See Appleyard v. Wallace, 754 F.2d 955, 958 (11th Cir. 1985). Under the Rule 23(a)(2) commonality requirement, a class action must involve issues that are susceptible to class-wide proof. See Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 457 (11th Cir. 1996). Nevertheless, because the district court certified this class under Rule 23(b)(2) rather than Rule 23(b)(3), there is no requirement here that issues subject to generalized proof predominate over those subject to individualized proofs. See Rustein v. Avis Rent-A Car Sys., Inc., 211 F.3d 1228, 1233 (11th Cir. 2000); Barnes v. American Tobacco Co., 161 F.3d 127, 143 (3rd Cir. 1998) ("While 23(b)(2) class actions have no predominance . . . requirements, it is well established that the class claims must be cohesive."); Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1005 (11th Cir. 1997) ("The predominance inquiry . . . is far more demanding than Rule 23(a)'s commonality requirement.") (internal quotation marks and citation omitted).

In this case, all of the named plaintiffs suffer from severe physical disabilities and all seek injunctive and declaratory relief from the same alleged illegal policy of Defendants. Review of the record and the parties' briefs reveals that Plaintiffs' class action is primarily aimed at forcing the state to end its policy of "capping" the amount it will spend on a participant of the Waiver Program. This policy, which allegedly forces an individual to select between two necessary

services for which that individual is admittedly eligible, raises issues common to all class members and is susceptible to generalized proof. Furthermore, the need for complex, individualized hearings to determine eligibility is reduced in this case because Defendants already have identified approximately 9,000 individuals whom Defendants deemed eligible and qualified to receive a particular needed HCBW service but are not receiving it. Thus, apart from the standing issue, it was not an abuse of discretion for the district court to find that Plaintiffs' claims for injunctive and declaratory relief satisfy the commonality and typicality requirements.

We agree with Defendants, however, that Plaintiffs' claim for damages presents a problem in this case. In addition to their claims for declaratory and injunctive relief from Defendants' policy, Plaintiffs seek compensatory damages under the ADA for their individual "pain and suffering, mental anguish, and humiliation." The district court did not address Plaintiffs' damage claim in the class certification order. Therefore, we assume that the court did not intend to exempt it from class treatment.

Monetary relief may be obtained in a Rule 23(b)(2) class action so long as the predominant relief sought is injunctive or declaratory. See Allison v. Citgo Petroleum Corp., 151 F.3d 402, 411 (5th Cir. 1998); Holmes v. Cont'l Can Co., 706 F.2d 1144, 1155 (11th Cir. 1983). "[M]onetary relief predominates in (b)(2)

10

class actions unless it is *incidental* to requested injunctive or declaratory relief."

Allison, 151 F.3d at 415 (emphasis added); see also  Lemon v. Int'l Union of

Operating Eng'rs., 216 F.3d 577, 581 (7th Cir. 2000); Williams v. Owens- Illinois,

Inc., 665 F.2d 918, 928-29 (9th Cir. 1982).  Because the Eleventh Circuit has not

yet established specific criteria for determining when monetary damages are

incidental to equitable relief, we look to a Fifth Circuit case for guidance.  In

Allison v. Citgo Petroleum Corp., the court explained:

> By incidental, we mean damages that flow directly from liability to
> the class *as a whole* on the claims forming the basis of the injunctive
> or declaratory relief . . . . Ideally, incidental damages should be only
> those to which class members automatically would be entitled once
> liability to the class (or subclass) as a whole is established . . . .
> Liability for incidental damages should not  . . . entail complex
> individualized determinations.  Thus, incidental damages will, by
> definition, be more in the nature of a group remedy, consistent with
> the forms of relief intended for (b)(2) class actions.

151 F.3d at 415.  Here, Plaintiffs do not seek damages as a "group remedy."  See

id.  Instead, they seek damages as a remedy for their alleged individual "pain and

suffering, mental anguish and humiliation."  Thus, it appears that Plaintiffs seek

damages to which they would not be automatically entitled even if Defendants'

liability to the class is established.  See id.  Moreover, assessing damages for these

inherently individual injuries compels an inquiry into each class member's

individual circumstances.  See id.  Accordingly, we conclude that the plaintiff

11

class's damages claim predominates over its claims for equitable relief such that the district court abused its discretion by not exempting the damages claim from class treatment under Fed. R. Civ. P. 23(b)(2).

Plaintiffs argue that even if it were improper for the district court to give Rule 23(b)(2) class treatment to their damages claim, the class is also certifiable under Rule 23(b)(3). Rule 23(b)(3) permits class certification when "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The district court made no findings concerning whether the plaintiffs' class is certifiable under Rule 23(b)(3). Therefore, if the district court decides on remand that standing requirements have been satisfied, it should then determine whether Plaintiffs' case meets the threshold requirements Rule 23(b)(3) such that Plaintiffs may assert their damages claim.

## C.

Defendants also contend that the district court abused its discretion by adopting an improper class definition. They argue that the current class definition forces the district court to make complex, individualized inquiries to identify class members and that the class includes people not affected by Plaintiffs' core claim

12

that they are denied HCBW services due to the state's lack of money.

Defendants' objection may be resolved by making a limited alteration to the existing class definition. The present class definition includes participants in the Waiver Program "who are not receiving needed services under the Waiver for which they are qualified and eligible." On remand, we direct the district court to clarify that the class definition includes only those individuals whom the state already has determined or will determine to be eligible and qualified to receive a medically necessary HCBW service. Changing the class definition in this manner will limit the need for complex, individual hearings to determine class membership. The class should further be limited to those individuals whom the state has documented or will document as having been denied services for purely budgetary reasons. As a result, the class definition will more clearly reflect Plaintiffs' core claim for declaratory and injunctive relief from Defendants' alleged policy of "capping" the amount of money that they will spend on needed HCBW services.

### D.

Finally, we address Defendants' argument that the class in this case should be decertified because it is subsumed within the Prado-Steiman class. Like the instant case, Prado-Steiman involved claims brought by developmentally disabled

13

plaintiffs against the State of Florida and various state officials responsible for the administration of the Waiver Program. See Prado-Steiman, 221 F.3d at 1268-69. The plaintiffs in Prado-Steiman filed a class action on May 13, 1998, one day after Plaintiffs filed this suit. Although the district court certified the class in Prado-Steiman prior to class certification in the present case, we vacated the certification order on August 11, 2000. See id. at 1283. To our knowledge, the district court has not yet entered another class certification order in Prado-Steiman. Accordingly, we decline to address the issue whether the class–which in the future may or may not be certified by the district court in this case–will be subsumed by the class that may or may not be certified by the district court in Prado-Steiman. Instead, we leave the district court with the same advice given in Prado-Steiman: "[T]he district court also should be careful not to certify [classes] overlapping with certified classes in other related ICF/DD litigation now pending." Id. at 1282.

## III.  CONCLUSION

Based on the foregoing reasons, we VACATE the district court's certification order and REMAND to the district court with instructions that it determine whether at least one named plaintiff has Article III standing and possesses a non-moot claim. Furthermore, the district court should determine whether a class may be certified under 23(b)(3) and if not, exempt the damages

14

claim from class treatment.  Finally, we direct the district court to redefine the class as set forth in this opinion.

VACATED AND REMANDED.