# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued February 13, 2006          Decided July 14, 2006

No. 05-7004

CONSTANCE S. RICHARDS, ADMINISTRATOR OF THE ESTATE OF
LOUISE T. STEVENS, ON BEHALF OF HERSELF AND ALL OTHER
PERSONS SIMILARLY SITUATED,
APPELLANT

v.

DELTA AIR LINES, INC.,
APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 99cv03368)

---

*Leonard N. Bebchick* argued the cause and filed the briefs
for appellant.

*Frederick C. Schafrick* argued the cause for appellee. With
him on the brief was *Daniel O. Hanks*.

Before: RANDOLPH and GARLAND, *Circuit Judges*, and
WILLIAMS, *Senior Circuit Judge*.

Opinion for the court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*:   This is an appeal from the judgment of the district court dismissing a class-action complaint.  The main question is whether the court abused its discretion in refusing to certify the class, because the suit was predominately or exclusively for monetary damages, contrary to the requirements of Federal Rule of Civil Procedure 23(b)(2), and because common questions of law or fact did not predominate, as Rule 23(b)(3) requires.

I.

In January 1999, Louise T. Stevens, the original plaintiff in this case, lost a single piece of luggage on the last leg of an international flight terminating in Atlanta, Georgia.  She filed a claim with Delta Air Lines, seeking $1044 as the fair-market value of her luggage and its contents.  Delta wrote to Stevens that because her "journey involve[d] international travel, liability for loss [of her baggage] is governed by [the Warsaw Convention]" – the treaty limiting the liability of air carriers for the international air transport of people and property.  *See* Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929 ("Warsaw Convention"), 49 Stat. 3000, T.S. No. 876 (reprinted in 49 U.S.C. § 40105 note).[1]  Delta informed Stevens that its liability

---

[1] Montreal Protocol No. 4 to the Warsaw Convention, which took effect in March 1999, repealed the weight requirement.  *See* Montreal Protocol No. 4 to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air signed at Warsaw on Oct. 12, 1929, as Amended by the Protocol Done at The Hague on Sept. 28, 1955, Sept. 25, 1975, S. EXEC. REP. NO. 105-20, at 22-23, 2145 U.N.T.S. 36 (entered into force Mar. 4, 1999).  The entire Warsaw Convention has now been superseded.  *See* Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. TREATY DOC. NO. 106-45, 1999 WL 33292734 (entered into force Nov. 4, 2003).

for the loss of her luggage "is based on the weight of the checked luggage and is limited to the actual value of the property not to exceed $20.00 per kilogram." *See* Warsaw Convention art. 22(2). The letter continued: "Since [Delta's] maximum allowable weight is thirty-two kilograms per bag, our check for $640.00, which is the maximum reimbursement, will be mailed under separate cover." When Stevens received the check, she deposited it.

Relying on *Cruz v. American Airlines, Inc.*, 193 F.3d 526 (D.C. Cir. 1999), Stevens brought a class-action suit against Delta. *Cruz* held that an air carrier could not invoke the Warsaw Convention's liability limitation for lost or damaged luggage unless the carrier recorded the weight of the luggage on the passenger luggage tickets. *Id.* at 530; *see* Warsaw Convention art. 4(4). Stevens alleged that Delta did not do this as a matter of practice and was therefore liable for the full amount of the lost or damaged property. The putative class consisted of people who, between December 17, 1997, and March 3, 1999,[2] received from Delta less than the fair-market value of their lost or damaged luggage on the ground that the Warsaw Convention limited Delta's liability. The parties stipulated that the purported class consisted of about 3000 people. The complaint requested a declaratory judgment stating that Delta unlawfully availed itself of the Warsaw Convention's limitations and was liable for the fair-market value of class members' luggage. The complaint also sought an award of damages for each class member equal to the difference between the value of his luggage and the amount Delta paid him. Delta filed an answer and then moved for summary judgment, asserting the affirmative defense

---

[2] The dates correspond to the end of the two-year statute of limitations of Warsaw Convention art. 29 and the day before the repeal of the Convention provisions requiring air carriers to record baggage weight. *See supra* note 1.

of accord and satisfaction to Stevens's claim. Stevens cross-moved for partial summary judgment on the ground that Delta was not entitled to the defense.

While these motions were pending, the district court granted Stevens's motion to file an amended class-action complaint. In this First Amended Complaint, Stevens asked the court to declare "that Delta [has] (i) unlawfully availed itself of [the Warsaw Convention's] liability limit . . . and (ii) is liable for the fair value of such lost or damaged luggage." Stevens also requested an injunction requiring Delta to process each class member's claims for lost or damaged luggage and "to pay each class member compensation for his or her loss or damage in an amount not less than the difference between what Delta in good faith determines is the fair value of such loss or damage and the amount heretofore paid . . . plus compensatory interest on the amount of such loss or damage." Such an injunction, Stevens alleged, would merely require Delta to carry out its duty as a common carrier. In the alternative, Stevens sought "an award of damages . . . in an amount equal to the difference between the fair value of [each class member's] lost or damaged checked baggage and the lesser amount paid them by Delta" for those who wished "to contest Delta's determination of fair value" or for the class as a whole, if the court did not award injunctive relief. As in the original complaint, Stevens alleged that the class was proper under Rules 23(b)(1) and (b)(2).

The district court denied the parties' motions for summary judgment because Delta's accord-and-satisfaction defense presented genuine issues of material fact. Stevens then moved for class certification. She argued that the class was "a classic illustration of a 23(b)(2) class . . ., seek[ing] appropriate final injunctive and declaratory relief with respect to the class as a whole." In so arguing, Stevens withdrew the portion of her First Amended Complaint that sought, in the alternative, an award of

damages. Delta countered that the complaint still was exclusively or predominately for monetary damages.

Constance S. Richards, having been substituted as plaintiff upon Stevens's death, moved "to enlarge" the previous class-certification motion. Still pressing certification pursuant to Rule 23(b)(2), Richards also sought certification under Rule 23(b)(3) – as a fallback if her Rule 23(b)(2) motion failed – because common questions of law and fact predominated over any individual issues.

The district court denied class certification. It found that Richards satisfied the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation, but failed to satisfy either Rule 23(b)(2) or (b)(3). The court reasoned that she "effectively seeks a declaratory judgment that Delta owes monetary damages and an injunction requiring Delta to pay them." Citing *In re Veneman*, 309 F.3d 789, 790 (D.C. Cir. 2002), the court held that Rule 23(b)(2) certification "is not appropriate where plaintiff's claims are predominately for monetary relief." As to Rule 23(b)(3), the court explained that "the plaintiff must show that 'questions of law or fact common to the members of the class predominate . . . and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.'" (quoting FED. R. CIV. P. 23(b)(3)). Richards failed to meet this standard because "Delta's accord and satisfaction affirmative defense . . . will require the application of varying state laws and a case-by-case factual inquiry." Richards moved for reconsideration,[3] and the

---

[3] Richards argued, as to Rule 23(b)(3), that either federal common law, as embodied in U.C.C. § 3-311, or Georgia state law governed Delta's accord-and-satisfaction defense. This eliminated, according to Richards, the need for individual factual inquiries or the possibility that varying state laws would apply to the defense.

district court denied her petition.

Richards then settled her individual claim with Delta, "releas[ing Delta of] any and all individual claims" but preserving "any other claim, defense, or right that either party or any putative class member might have in respect of this litigation, including Plaintiff's class claim." Having denied class certification, the district court dismissed the suit. Richards appeals solely on the ground that the court improperly denied class certification.

## II.

There is some doubt about our jurisdiction although the parties do not mention the subject. Richards settled her personal claim with Delta. She was the only class representative. Does this render the appeal from the denial of class certification moot? The issue is an open one in this circuit, *see Walsh v. Ford Motor Co.*, 945 F.2d 1188, 1191 n.5 (D.C. Cir. 1991), and in the Supreme Court, *see U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 404 n.10 (1980).

A case may become moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (internal quotation marks omitted). A class representative has two legally cognizable interests: "One is the claim on the merits; the other is the claim that he is entitled to represent a class." *Id.* at 402. When the first of these interests expires, the class representative's ability to appeal a denial of class certification depends on his "'personal stake' in the class certification claim." *Id.*

We know, because the Supreme Court has told us, that when a class representative's claims expire involuntarily, the

class representative still "retains a 'personal stake' in obtaining class certification sufficient" to appeal a denial of class certification entered before the representative's claims expired. *Id.* at 404; *see also Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 336-40 (1980). The representative has at minimum an interest in "spreading [the] litigation costs among numerous litigants with similar claims." *Geraghty*, 445 U.S. at 403; *see also Roper*, 445 U.S. at 334 n.6, 336.

We see no difference between those who voluntarily settle individual claims and those who have their individual claims involuntarily extinguished, provided the litigant retains the same interests identified by the Court in *Geraghty*, a Rule 23(b)(2) case,[4] and in *Roper*, an action under Rule 23(b)(3). So long as the plaintiff retains a "personal stake" in "shift[ing] to successful class litigants a portion of those fees and expenses" incurred as the purported class representative, the plaintiff has a sufficient interest to appeal the denial of class certification. *Roper*, 445 U.S. at 334 n.6, 336; *see Geraghty*, 445 U.S. at 403. Other circuits agree. *See Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 613-14 (8th Cir. 2003); *Toms v. Allied Bond & Collection Agency, Inc.*, 179 F.3d 103, 105 (4th Cir. 1999); *Love v.*

---

[4] Geraghty sought an order invalidating parole guidelines. The district court treated his complaint as a habeas corpus petition and held that Rule 23 applied therefore only by analogy. *Geraghty v. U.S. Parole Comm'n*, 429 F. Supp. 737, 740 (M.D. Pa. 1977) (citing *United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1125 (2d Cir. 1974)). The Third Circuit reversed, characterizing the claim as one for declaratory relief and finding Rule 23 applicable. 579 F.2d 238, 243, 252 (3d Cir. 1978). In the Supreme Court, Geraghty argued that his class action came within Rule 23(b)(2). *See* Br. of Resp't at 23, *U.S. Parole Comm'n v. Geraghty*, No. 78-572 (Jul. 15, 1979) ("[R]espondent followed the suggestions made by the Court in prior cases and brought this case as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.").

*Turlington*, 733 F.2d 1562, 1565 (11th Cir. 1984). Of course, a plaintiff who, in the settlement agreement, relinquishes "any and all" of his claims, including class claims, or agrees to dismiss the entire "action," has ceded any interest he once had and can no longer appeal a denial of class certification. *Walsh*, 945 F.2d at 1190-91; *accord Toms*, 179 F.3d at 105-06; *Dugas v. Trans Union Corp.*, 99 F.3d 724, 728-29 (5th Cir. 1996); *see also Potter*, 329 F.3d at 614.

In settling her individual claim, Richards did not extinguish all of her interest in the class claim against Delta. Rather, she released Delta only of "any and all individual claims that she might have" had. Richards and Delta stipulated that the settlement of Richards's "individual claims" was not "in derogation of any other claim, defense, or right that either party or any putative class member might have in respect of this litigation, including Plaintiff's class claim." This was sufficient for Richards to retain a personal stake in the class claim, including the interest in shifting attorney fees and other litigation costs. We therefore have jurisdiction to consider the merits of Richards's challenge to the district court's refusal to certify her proposed class.

III.

To obtain class certification, a class plaintiff has the burden of showing that the requirements of Rule 23(a) are met and that the class is maintainable pursuant to one of Rule 23(b)'s subdivisions. *See* FED. R. CIV. P. 23(b); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997); *Love v. Johanns*, 439 F.3d 723, 727 (D.C. Cir. 2006); *McCarthy v. Kleindienst*, 741 F.2d 1406, 1414 n.9 (D.C. Cir. 1984). The district court concluded that Richards satisfied the requirements of Rule 23(a), but not Rule 23(b)(2) or (b)(3) – the two Rule 23(b) subdivisions she relied upon. Our review is for abuse of

discretion or legal error. *See Garcia v. Johanns*, 444 F.3d 625, 631 (D.C. Cir. 2006) (quoting *Wagner v. Taylor*, 836 F.2d 578, 586 (D.C. Cir. 1987)).

Rule 23(b)(2) permits class actions seeking final injunctions or corresponding declaratory relief for the entire class. Unlike class actions for monetary relief under Rule 23(b)(3), there are no additional requirements of notice and opt-out rights, *see* FED. R. CIV. P. 23(c)(2)(A), (B), and the plaintiff need not establish that a class action would be superior to individual actions or that common legal and factual questions predominate. *See In re Veneman*, 309 F.3d 789, 792 (D.C. Cir. 2002).

As to Rule 23(b)(2), the district court found that Richards "effectively seeks a declaratory judgment that Delta owes monetary damages and an injunction requiring Delta to pay them." Such a request rendered Rule 23(b)(2) certification improper. A court may certify a class pursuant to Rule 23(b)(2) only when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED. R. CIV. P. 23(b)(2). Subsection (b)(2) was not intended to "extend to cases in which the appropriate final relief relates exclusively or predominantly to monetary damages." FED. R. CIV. P. 23 advisory committee notes; *see In re Veneman*, 309 F.3d at 792. If recovery of damages is at the heart of the complaint, individual class members must have a chance to opt out of the class and go it alone – or not at all – without being bound by the class judgment. But when injunctive relief benefits the entire class, this option is less important; an injunction prohibiting a defendant's action against "the class as a whole" would halt the action regardless whether some of those affected might have withdrawn from the suit if given the option. *See In re Veneman*, 309 F.3d at 792. Thus, when the relief sought would simply

serve as a foundation for a damages award, *see Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 978 (5th Cir. 2000); *Lukenas v. Bryce's Mountain Resort, Inc.*, 538 F.2d 594, 595-96 (4th Cir. 1976), or when the requested injunctive or declaratory relief merely attempts to reframe a damages claim, *see In re Sch. Asbestos Litig.*, 789 F.2d 996, 1008 (3d Cir. 1986), the class may not be certified pursuant to Rule 23(b)(2).

Richards sought, on behalf of her proposed class, a declaratory judgment that Delta wrongly availed itself of the Warsaw Convention's baggage-liability limit and "is liable for the fair value of such lost or damaged baggage," and an injunction requiring Delta to process each class member's baggage claim and "to pay each class member compensation for his or her los[t] or damage[d]" baggage equal to the difference between the fair value of the baggage and the amount Delta paid.[5] Though framed in terms of declaratory and injunctive relief, this class claim is for monetary damages. "Almost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 918-19 (1988) (Scalia, J., dissenting)) (internal

---

[5] While we may not – and do not – inquire into the strength or weakness of the merits of Richards's class-action claim, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974), "'the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action,'" *Gen. Tele. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978)) (internal quotation marks omitted).

quotation marks omitted; alteration in original). The injunction and declaration Richards seeks is no exception. No matter how she phrases it, what she wants is a judicial decree directing Delta to pay the class members the damages each is due.[6] Yet the rule has long been that "[a] plaintiff cannot transform a claim for damages into an equitable action by asking for an injunction that orders the payment of money."[7] *Jaffee v. United States*, 592 F.2d 712, 715 (3d Cir. 1979); *see also In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1144-45 (3d Cir. 1982); *Schlosser v. Commonwealth Edison Co.*, 250 F.2d 478, 480-81 (7th Cir. 1958); *Sims v. Stuart*, 291 F. 707, 707-08 (S.D.N.Y. 1922) (L. Hand, J.).[8]

---

[6] Her requested relief raises an issue unnecessary to resolve. The general rule is that injunctive relief will not issue when an adequate remedy at law exists. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *accord Nat'l Taxpayers Union, Inc. v. United States*, 68 F.3d 1428, 1436 (D.C. Cir. 1995). Here an award of damages to each class member in an amount equal to the difference between what Delta paid and the fair value of each person's luggage would provide an adequate legal remedy. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993) ("Money damages are, of course, the classic form of *legal* relief."); *accord Great-West Life & Annuity*, 534 U.S. at 210.

[7] Declaratory relief under Rule 23(b)(2) must correspond to "final injunctive relief," so that "as a practical matter [the declaratory relief] affords injunctive relief or serves as a basis for later injunctive relief." FED. R. CIV. P. 23 advisory committee notes.

[8] There is a split among circuits on how a court determines whether monetary relief predominates in a Rule 23(b)(2) class suit. *Compare Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998) ("[M]onetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief."); *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 447-50 (6th Cir. 2002); *Murray v. Auslander*, 244 F.3d 807, 812 (11th Cir. 2001); *Lemon v. Int'l Union of Operating Eng'rs, Local No. 139*, 216 F.3d

We also agree that Richards was not entitled to maintain a Rule 23(b)(3) class action, which requires that "questions of law or fact common to" class members "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). Throughout the proceedings in the district court – in the original and amended complaints, and in motions and memoranda – the plaintiff sought class certification only pursuant to subsections (b)(1) and (b)(2).[9] Not until three years into the litigation, after Delta had filed its opposition to the motion for class certification and months after discovery on this question had closed, did Richards suggest the prospect of a (b)(3) class. That was far too late and, for that reason alone, the district court would have been warranted in denying certification under Rule 23(b)(3). The local rules require class action complaints to identify the subsection of Rule 23 "under which the suit is claimed properly to be maintained as a class action." LCvR 23.1(a)(1); *see Cruz v. Am. Airlines, Inc.*, 356 F.3d 320,

---

577, 580-81 (7th Cir. 2000), *with Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 162-67 (2d Cir. 2001) (adopting a more ad hoc balancing approach to whether monetary damages predominate); *Molski v. Gleich*, 318 F.3d 937, 949-50 (9th Cir. 2003). The issue is not presented in this case. The "monetary relief [here] is effectively the sole remedy sought." *Bolin*, 231 F.3d at 978; *see In re Monumental Life Ins. Co.*, 365 F.3d 408, 416 (5th Cir. 2004) ("The question whether the proposed class members are properly seeking [declaratory or injunctive] relief is antecedent to the question whether that relief would predominate over money damages.").

[9] The amended complaint stated that if the class were certified under (b)(1) or (b)(2), there might come a time "possibly" when "a supplemental and subclass" could be certified under (b)(3). But Richards withdrew this contingent claim when she moved for class certification.

329-30 (D.C. Cir. 2004). Even when Richards eventually brought up Rule 23(b)(3), she never made clear what exactly she had in mind. Without invoking Rule 23(c)(4)(A), *cf. Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 n.21 (5th Cir. 1996), her motion for class certification stated that it would be "inappropriate" to have "damage awards for members . . . considered or disposed of on a class action basis." On the other hand, she stated in the same document that "a common forum for contesting the amount of damages should be afforded to plaintiffs who elect to reject a Delta compensation offer." To confuse matters even more, Richards's opening brief in this court seems to abandon the "common forum" idea and states instead that if a class member is "dissatisfied with an ultimate Delta offer or non-offer of compensation" then the member "could choose to institute an individual and separate damage action in a forum of the member's choosing." Br. for Appellant 9. Yet she now insists that the relief sought on behalf of this proposed (b)(3) class is the same as the relief sought for her (b)(2) class – which, as we have discussed, includes an injunction ordering Delta to pay each class member the damages due. Given this state of affairs we are "unable to conclude that it has been clearly demonstrated . . . that a class action was the superior method for resolving this controversy." *McCarthy v. Kleindienst*, 741 F.2d 1406, 1415 (D.C. Cir. 1984).

*Affirmed.*