NATIONAL SECURITY COUNSELORS,
et al., Plaintiffs,

v.

CENTRAL INTELLIGENCE AGENCY,
et al., Defendants.

Civil Action No. 12-284 (BAH)

United States District Court,
District of Columbia.

Signed July 27, 2012

**6**

Bradley P. Moss, Law Offices of Mark S. Zaid, P.C., Washington, DC, Kelly Brian McClanahan, National Security Counselors, Arlington, VA, for Plaintiffs.

Galen Nicholas Thorp, U.S. Department of Justice, Washington, DC, for Defendants.

### ORDER

BERYL A. HOWELL, United States District Judge

This is an action claiming numerous violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the Independent Offices Appropriations Act ("IOAA"), 31 U.S.C. § 9701. Pending before the Court is the plaintiffs' motion for class certification. *See* ECF No. 16. Plaintiffs are a group of individuals and one organization who "regularly file FOIA requests with CIA," *see* First Am. Compl. ("FAC") ¶¶ 3, 5–7, 137, 218, ECF No. 9, though the Class Plaintiffs only include Plaintiffs National Security Counselors ("NSC"), Mark Zaid, and Jeffrey Stein, *id.* ¶ 11. The motion for class certification relates to Counts One and Two of the First Amended Complaint, which address Defendant Central Intelligence Agency's ("CIA's") policy of assessing fees for Mandatory Declassification Review ("MDR") requests. *See id.* ¶¶ 19–50. Count One alleges that the Final Rule implementing this policy, which did not subject the rule to public notice and comment, violates the APA. *Id.* ¶ 38. Count Two alleges that the CIA's MDR fee policy violates the IOAA, which Class Plaintiffs allege prohibits agencies from "collect[ing] fees from individual parties for services which benefit the public generally," such as MDR requests. *Id.* ¶¶ 42–44.

The Class Plaintiffs filed the instant motion for class certification on May 18, 2012, seeking certification of a class consisting of:

All persons who have submitted at any time, from 23 September 2011 through the date of certification, an MDR request to the CIA seeking classification review of records under the control and authority of CIA and whose request CIA refused to process by way of reliance upon an unlaw-fully-promulgated requirement that the individual commit up front to pay applicable fees.

Pls.' Mot. for Class Certification or, in the Alternative, for Pre-Certification Disc. ("Pls.' Mot. for Class Certification") at 1, ECF No. 16; *see* FAC ¶ 12.

In order to certify a class, a member of the class must first meet the four requirements laid out in Rule 23(a), commonly referred to as numerosity, commonality, typicality, and adequacy. *See* FED. R. CIV. P. 23(a). That is, the proponent of class certification must establish: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Id.* In addition, certification of the proposed class must be appropriate under at least one of the three categories enumerated in Rule 23(b). *See Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 529 (D.C.Cir.2006).

 District courts exercise broad discretion in deciding whether to certify a class. *Hartman v. Duffey*, 19 F.3d 1459, 1471 (D.C.Cir.1994). "The plaintiff bears the burden of proof on each element of Rule 23." *Harris v. Koenig*, 271 F.R.D. 383, 388 (D.D.C.2010) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)). The Supreme Court has held that "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011). " '[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question,' " because "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.' " *Id.* (citation omitted) (quoting *Gen.*

*Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160–61, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)).

■■■■ The Court need only address the numerosity requirement to resolve this motion. "There is no specific threshold that must be surpassed in order to satisfy the numerosity requirement." *Taylor v. Dist. of Columbia Water & Sewer Auth.*, 241 F.R.D. 33, 37 (D.D.C.2007). Rather, the numerosity determination "requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). Although it is not necessary for a class proponent to provide "the exact number of potential class members," a class proponent is required to provide "a reasonable basis" for the estimate it uses in claiming numerosity. *See Radosti v. Envision EMI, LLC*, 717 F.Supp.2d 37, 51 (D.D.C.2010).

The Class Plaintiffs argue that there is "a reasonable basis ... to conclude that the size of the Proposed Class would consist of at least 200 individual members." Reply in Supp. of Pls.' Mot. for Class Certification or, in the Alternative, for Pre-Certification Discovery ("Pls.' Class Certification Reply") at 3, ECF No. 34. Because unique, sequential tracking numbers are assigned to each MDR request received by the CIA, *see* Decl. of Michele L. Meeks ("First Meeks Decl.") ¶ 8 (June 13, 2012), ECF No. 31-1, Class Plaintiffs extrapolate, based on the tracking numbers of two MDR requests in their possession, that presuming the existence of at least 200 separate MDR requesters is reasonable because (1) at least 1,376 MDR requests were received by the CIA in fiscal year 2011; (2) at least 518 such requests were received by the CIA between October 1, 2011 and December 26, 2011; and (3) the CIA's fee policy was being uniformly applied to every MDR request that was properly submitted and reasonably described. *See id.* at 4–5. In other words, Class Plaintiffs argue that the volume of *requests* logically implies a concomitant volume of *requesters*. Class Plaintiffs further argue that resort to such imprecise calculations is necessary because "Defendants alone retain the records which would easily identify exactly how many individuals fall within the proposed class." Pls.' Mot. for Class Certification at 12.

Regardless of whether Class Plaintiffs' logic is sound, however,[1] the defendants have shed significant light upon the numerosity question. They have provided two declarations from Ms. Michele L. Meeks, the Chief of the CIA's Public Information Programs Division, who is responsible for, among other things, managing the CIA's MDR program. *See* First Meeks Decl. ¶ 2. Ms. Meeks's sworn declarations provide a number of facts useful to the Court in determining whether Class Plaintiffs can meet the numerosity requirement:

- The CIA began charging fees on MDR requests that were received on or after November 10, 2011, but the CIA suspended its assessment of fees for MDR requests on February 22, 2012. *Id.* ¶ 9.

- When the CIA receives an MDR request, it is logged into an access-controlled information system, and it is assigned a unique tracking number beginning with the prefix "EOM." *Id.* ¶¶ 6, 8. EOM numbers are assigned to each MDR request as it is received. *Id.* ¶ 8.

- Many MDR requests are denied for failure to reasonably describe the records sought or because the document belongs to another government agency. *Id.* ¶ 9. For requests that are properly directed to the CIA and reasonably described, however, the CIA requires that the requester commit to pay fees prior to processing the request. *Id.*

- From November 10, 2011 (when the CIA began enforcing its new fee schedule) until February 21, 2012 (the last day the CIA enforced its new fee schedule before suspending it), the CIA had received a total of fifteen MDR requests that reasonably described the CIA records from six separate individ-

---

[1] *See Feinman v. FBI*, 269 F.R.D. 44, 50 n. 4 (D.D.C.2010) ("Plaintiff's argument also assumes incorrectly that the total number of FOIA *requests ... necessarily represents an equivalent number of FOIA *requesters*.")

uals and organizations. *See* Decl. of Michele L. Meeks ("Second Meeks Decl.") ¶ 6 & Ex. A (July 6, 2012).[2]

■ Thus, it is clear from the Meeks Declarations that a maximum of six individuals were subject to demands for fees under the CIA's new fee schedule, and because one of those individuals agreed to pay the fees, First Meeks Decl. ¶ 11, the number of potential class members is capped at five (three of whom are plaintiffs in the instant action).[3] The Court finds that the Meeks Declarations are sufficient to conclude that Class Plaintiffs are unable to satisfy the numerosity requirement. This is not only because five is a relatively small number, but also because (a) that number will remain static due to the suspension of the fee policy and (b) because three of the five potential class members are already parties to this action, thus making joinder of the other two potential class members eminently practicable.

■ Although Class Plaintiffs argue that the Meeks Declarations are insufficient because they do not specifically account for every MDR request submitted to the CIA during the proposed class period, *see* Pls.' Class Certification Reply at 5–8, the Court disagrees. It is a fair reading of the First Meeks Declaration that the vast majority of MDR requests are denied after they are catalogued with "EOM" numbers for failure to reasonably describe the records sought or because the documents belong to another agency. *See* First Meeks Decl. ¶¶ 8–9. Although Class Plaintiffs argue that the Meeks Declarations are insufficient to demonstrate that Class Plaintiffs have failed to prove numerosity, that argument has it backwards: It is the *proponent* of the class who has the burden of proof, not the party opposing certification. Furthermore, the Meeks Declarations are entitled to a presumption of good faith that cannot be rebutted by Class Plaintiffs' speculative assertions that it is possible that some MDR requests may have fallen through the cracks of the CIA's search, and thus pre-certification discovery is unwarrant-

ed. *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir.1991). Accordingly, it is hereby

**ORDERED** that the plaintiffs' Motion for Class Certification or, in the Alternative, for Pre-Certification Discovery, ECF No. 16, is DENIED.

**SO ORDERED**

---

2. Ms. Meeks submitted a second declaration to correct "a number of small inaccuracies" in her first declaration. *See* Second Meeks Decl. ¶ 5.

3. This is because the proposed class only includes those "whose request[s] CIA refused to process" based on the new fee schedule. *See* Pls.' Mot. for Class Certification at 1.