**DLD-044**

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2103
_____

GILBERT M. MARTINEZ,
Appellant

v.

UNITED STATES OF AMERICA; HONORABLE EDWARD G. SMITH;
HONORABLE ROSLYNN MAUSKOFF; HONORABLE JEFFREY SCHEMEHL;
HONORABLE PAUL S. DIAMOND, In their individual and official capacities
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:20-cv-01891)
District Judge:  Honorable Joseph F. Leeson, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 3, 2020

Before:  JORDAN, KRAUSE and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 9, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Gilbert M. Martinez, proceeding pro se, appeals from an order of the United States District Court for Eastern District of Pennsylvania sua sponte dismissing his civil rights complaint as frivolous. For the following reason, we will affirm.

In April 2020, Martinez filed a complaint against the United States and four federal judges, alleging that those judges violated his constitutional rights by ruling against him in prior civil cases that he had filed.[1] As relief, Martinez sought millions of dollars in damages, a declaration stating that his rights had been violated, and an injunction "requiring the defendants to correct all present and past violations" of law. Martinez also filed a motion for a preliminary injunction, seeking, inter alia, social security benefits, restoration of his water services, and a refund of property taxes.

The District Court granted Martinez's motion to proceed in forma pauperis but dismissed his complaint as legally frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). The District Court held that sovereign immunity protected the United States and the judicial defendants in their official capacities. In addition, the District Court cited absolute judicial immunity in rejecting the claims against the judicial defendants in their individual capacities. Furthermore, because Martinez did not show a likelihood of

---

[1] Those prior cases – which were thoroughly summarized by the District Court, (ECF 5, p. 2-9) – involved, among other things, challenges to state court child custody matters, a New York conviction for a domestic abuse offense, the denial of Social Security benefits, and termination of utility services at his home.

success, the District Court denied Martinez's request for injunctive relief.[2]  Finally, the

District Court notified Martinez that he "could be subjected to a prefiling injunction" if

he "files any new lawsuits asserting previously rejected claims or pursuing new versions

of theories previously rejected by another state or federal court …."  Martinez appealed.

We have jurisdiction under 28 U.S.C. § 1291 and review de novo the District

Court's dismissal of the complaint as legally frivolous.  See Dooley v. Wetzel, 957 F.3d

366, 373-74 (3d Cir. 2020).  A complaint is considered frivolous if it lacks an arguable

basis in law or fact, and a suit may be considered frivolous where defendants are clearly

"immune from suit."  Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).  We construe

the complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and may summarily

affirm the District Court's order if there is no substantial question presented by the

appeal.  See 3d Cir. L.A.R. 7.4 and I.O.P. 10.6.

The District Court properly concluded that immunity barred Martinez's claims

against the United States and the judicial defendants.  The District Court construed

Martinez's complaint as raising claims under Bivens v. Six Unknown Named Agents of

Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971).  But "sovereign immunity shields

---

[2] Martinez's complaint described allegations that were raised in the prior actions over which the judicial defendants presided.  Like the District Court, we do not understand Martinez to independently raise those allegations, against persons not named as defendants, in this matter.  We further agree that those claims, if raised, would face obstacles, like the doctrine of res judicata or the prohibition on simultaneous litigation, as the District Court explained.  (ECF 5, p. 10 n.5 (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981), and Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir.

the Federal Government … from suit" in a <u>Bivens</u> action. <u>FDIC v. Meyer</u>, 510 U.S. 471, 475 (1994); <u>see also</u> <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 71-72 (2001).

Moreover, Martinez's claims against the federal judges are barred by the doctrine of judicial immunity. A judge is immune from liability for all actions taken in his judicial capacity, unless such action is taken in the absence of all jurisdiction. <u>See</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978). Nowhere did Martinez allege that the judicial defendants were acting in a non-judicial capacity or in the complete absence of jurisdiction when they ruled against him in the prior civil actions. <u>See</u> <u>Figueroa v. Blackburn</u>, 208 F.3d 435, 443-44 (3d Cir. 2000).

Furthermore, Martinez was not entitled to injunctive relief. <u>See</u> <u>Kos Pharm., Inc. v. Andrx Corp.</u>, 369 F.3d 700, 708 (3d Cir. 2004) (stating that the Court reviews the denial of a motion for a preliminary injunction "for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof" (internal quotations omitted)). We have suggested that federal judges may be immune to claims for injunctive relief, <u>see</u> <u>Azubuko v. Royal</u>, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (citing <u>Bolin v. Story</u>, 225 F.3d 1234, 1242 (11th Cir. 2000)), and, in any event, the prior judicial decisions that Martinez complains about either were or could have been the subject of appellate review. <u>See</u> <u>Richards v. Delta Air Lines, Inc.</u>, 453 F.3d 525, 531 n.6 (D.C. Cir. 2006) ("The general rule is that injunctive relief will not issue when an adequate remedy

1977) (en banc))).

4

at law exists."). Accordingly, the District Court did not abuse its discretion in denying the motion for a preliminary injunction.

In addition, because the defendants were immune from suit, the District Court did not abuse its discretion in dismissing the complaint without providing leave to amend. Cf. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (indicating that a district court should give a plaintiff leave to amend unless amendment would be inequitable or futile). Finally, because the District Court did not impose a filing injunction, see Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993) (describing requirements that District Court must comply with when imposing a filing injunction), but only warned Martinez that one could be forthcoming, we have no need to consider the issue.

For the foregoing reasons, we will summarily affirm the District Court's judgment.[3]

---

[3] Martinez's motion to proceed in forma pauperis is granted because he is "economically eligible" for such status. Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976) (citation omitted).