# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Filed On: January 7, 2025

No. 23-5152

CAROL A. LEWIS AND DOUGLAS B. SARGENT, ON BEHALF OF
THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,
APPELLANTS

v.

XAVIER BECERRA, IN HIS CAPACITY AS SECRETARY OF THE
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN
SERVICES,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-02929)

———

On Petition for Rehearing En Banc

———

Before: SRINIVASAN, *Chief Judge*; HENDERSON, MILLETT,
PILLARD\*, WILKINS, KATSAS, RAO, WALKER, CHILDS, PAN, and
GARCIA, *Circuit Judges*

# **O R D E R**

Upon consideration of appellants' petition for rehearing en banc, the response thereto, and the absence of a request by any member of the court for a vote, it is

**ORDERED** that the petition be denied.

## **Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk

* A statement by Circuit Judge Pillard, concurring in the denial of rehearing en banc, is attached.

PILLARD, *Circuit Judge*, concurring in the denial of rehearing *en banc*: I agree with the decision not to grant *en banc* review in this case. As explained below, the panel's opinion will likely have only limited precedential impact. And because the named plaintiffs' claims were mooted by a generally applicable change in policy, this case does not present the concern that defendants have attempted to "pick off" the named plaintiffs before a class can be certified. Such conduct is deeply troubling and could affect the jurisdictional analysis in another case, but does not appear to be present here. Nonetheless, I write to express reservations about the panel's opinion that we should address in an appropriate future case.

First, as the panel acknowledges, Op. at 13, we are bound by the Supreme Court's decision in *Geraghty*—which answers the jurisdictional question raised here opposite to how the panel does: "We know, because the Supreme Court has told us, that when a class representative's claims expire involuntarily, the class representative still 'retains a "personal stake" in obtaining class certification sufficient' to appeal a denial of class certification entered before the representative's claims expired." *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 528 (D.C. Cir. 2006) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 404 (1980)); *see Geraghty*, 445 U.S. at 404 (holding that "an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied"). There was no question the controversy in *Geraghty* remained "live" as between defendant and at least some members of the putative class; the dispute concerned only whether the named plaintiff retained a personal stake to appeal an erroneous denial of class certification.

The panel deems *Geraghty* not "directly controlling," so disregards *Geraghty*'s holding and less-than-"current" style of reasoning, solely because Geraghty's claim "became moot" upon his release from prison rather than because he "prevailed

on the merits." Op. at 12-14. As even the government concedes, Rehearing Opp. at 12-14, the distinction the panel invokes between this case and *Geraghty* is immaterial to the jurisdictional analysis. Indeed, the Court in *Geraghty* rejected that very distinction, holding that the difference between "mootness of [an] individual claim [] caused by 'expiration' of the claim, rather than by a judgment [in the named plaintiffs' favor] on the claim" was not "persuasive." *Geraghty*, 445 U.S. at 401. The Court declared that "Geraghty's 'personal stake' in the outcome of the litigation is, in a practical sense, no different from that of the putative class representatives in *Roper*." *Id*. That was so notwithstanding Geraghty's lack of an ongoing interest like the shared burden of attorney's fees featured in *Roper*. The panel does not persuasively avoid *Geraghty*'s clear application to this case.

However questionable that decision may seem to us, *Geraghty* remains good law until the Supreme Court decides otherwise. *Agostini v. Felton*, 521 U.S. 203, 237 (1997). And, in any event, *Geraghty*'s jurisdictional analysis is not necessarily incompatible with "current law." Op. at 12. *Geraghty* and *Flast* certainly reflect the style and thinking of their day, but they do not "fail[] to recognize that [standing] has a separation-of-powers component." *Id*. (quoting *Lewis v. Casey*, 518 U.S. 343, 353 n.3 (1996)). To the contrary, both cases expressly recognize that one of the "two 'complementary purposes'" served by Article III's "case-or-controversy limitation" is to "define[] the 'role assigned to the judiciary in a tripartite allocation of power to assure that the federal courts will not intrude into areas committed to the other branches of government.'" *Geraghty*, 445 U.S. at 395-96 (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968)).

More to the point, the Supreme Court has recently validated *Geraghty*'s specific holding and analysis. In *Genesis*

*Healthcare Corp. v. Symczyk* the Court explained that, unlike in the FLSA collective action before it, "when a district court certifies a class [under Rule 23], 'the class of unnamed persons described in the certification acquires a legal status separate from the interest asserted by the named plaintiff,' with the result that a live controversy may continue to exist, even after the claim of the named plaintiff becomes moot." 569 U.S. 66, 74 (2013) (quoting *Sosna v. Iowa*, 419 U.S. 393, 399-402 (1975)); *see also id*. at 75 (reaffirming the "fact" that "a putative class acquires an independent legal status once it is certified under Rule 23"). The Court then explained that *Geraghty* "narrowly extended that principle to *denials* of class certification motions" by "relat[ing] back" an incorrectly denied class's certification to the district court's erroneous denial. *Id*. at 74-75. Under that construct, the class's separate legal status and unremedied injury supplies the necessary jurisdiction to support an appeal even when the named plaintiff's claim is mooted after certification is denied. Because the individual plaintiff's claim in *Genesis* was mooted before she sought or the court anticipated "conditional certification," *Geraghty* did not apply. *Id*. at 75.

The panel does not explain which developments in standing law invalidate *Geraghty*'s approach. Nothing in *Genesis Healthcare* suggests the Supreme Court's disagreement with that jurisdictional analysis. And the logic that animates it—that it would be arbitrary to allow the mooted named plaintiff of a certified class to appeal, *per Sosna*, while prohibiting the mooted named plaintiff of an erroneously non-certified class to do so, *contra Geraghty*—has as much force today as it did 45 years ago. That arbitrary asymmetry created by the panel's rule also means that, in the unlucky event that the named plaintiff's claim is mooted during the brief window between the district court's denial of certification and the filing of a petition for immediate appellate review under Rule 23(f),

the appellate court would lack jurisdiction to determine whether the denial was erroneous.

Separately, the panel's suggestion that this case concerns a question of standing rather than mootness bears clarification. I take the statement that "any appellant must invoke and establish the jurisdiction of an appellate court at the outset of any appeal," Op. at 6 n.1, to mean that, at the threshold of an appeal, appellants must (1) establish that they validly invoked their Article III standing as of the time they first filed in federal court, *see Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000), and (2) satisfy the distinct requirements of appellate jurisdiction, *see Process & Industrial Developments v. Federal Republic of Nigeria*, 962 F.3d 576, 580 (D.C. Cir. 2020) (accepting interlocutory appeal from order to brief merits issues before ruling on asserted FSIA immunity). I do not take it to mean that appellants must *re*-establish standing as of the time an appeal is commenced—as that would impose a new requirement contrary to decades of established precedent.

All that said, I agree with the panel that this opinion may have little precedential effect. In most cases—unlike in this case—parties owing fees may arrange to share that obligation with the unnamed class members, *see Roper*, and counsel for a proposed class will presumably request interlocutory review of a denial of class certification under Rule 23(f). If no stake in cost recovery persists and interlocutory review is denied, counsel can still recruit other putative class members to substitute or intervene post-judgment to appeal the denial of class certification. I therefore concur in the denial of rehearing *en banc*.