[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2003
THOMAS K. KAHN
CLERK

No. 02-13267
_____

D. C. Docket No. 99-00087-CV-3-RV-MD

CURTIS HINES, JR.,
ROOSEVELT POSEY,
OTTO MIMS,
OTIS MILLER,
WILLIAM OWENS,

                                                      Plaintiffs-Appellants,

MARY HELEN SAULTERS,

                                                      Plaintiff,

                              versus

SHEILA WIDNALL,
JAMES G. ROCHE, SECRETARY OF THE AIR FORCE,

                                                      Defendant-Appellee,

F. WHITTEN PETERS,

                                                      Defendant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 27, 2003)

Before EDMONDSON, Chief Judge, KRAVITCH and GIBSON[*], Circuit Judges.

_____

[*] Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by
designation.

PER CURIAM:

Plaintiffs-appellants Curtis Hines, Jr., Roosevelt Posey, Otto Mims, Mary Helen Saulters,[1] Otis Miller and William Owens (collectively "Appellants") appeal the district court's denial of class certification. Appellants sought to be certified to represent all former, current, and future African-American civilian employees and applicants at Eglin Air Force Base ("Eglin") in Pensacola, Florida. Over 4,000 civilian employees are employed at Eglin's four installations. The United States Air Force ("USAF" or "Appellee") selects and evaluates civilian applicants and employees using a centralized personnel ratings system based on algorithmic formulas that assign weights to such factors as qualifications and past performance. Evaluations of employees, which play a major role in the promotion and compensation system equations, are completed by immediate supervisors. Appellants contend that the USAF engaged in a pattern and practice of discrimination against African-Americans through its hiring, evaluation, and promotional practices at Eglin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

In their complaint, Hines and Posey alleged that they were denied promotions and opportunities for advancement because of the USAF's alleged

[1]Because Saulter's claims were not discussed in the class certification pleadings, the district court dismissed her claims for lack of prosecution.

2

policy and practice of racial discrimination against African-Americans and sought to represent a class of African-American employees denied promotion and advancement at Eglin. Hines and Posey are employed as graphic artists – white collar non-professional positions – at Eglin's graphics shop. Mims, an African-American who worked as a civil service warehouse laborer in the Base Service Store, also sought to represent employees denied promotion because of their race. Miller and Owens, both African-American veterans, sought to represent class members who were allegedly denied employment at Eglin. Miller and Owens argued that they were qualified for the positions for which they applied and that the positions were ultimately filled by less qualified white applicants.

The district court denied Appellants' motion for class certification and this court denied interlocutory review in Hines v. Peters, 009-90012-1 (November 8, 2000).[2] The district court subsequently entered summary judgment in favor of the USAF on the individual claims of plaintiffs Miller and Owens for failure to exhaust administrative remedies. The district court dismissed the individual claims of Hines, Posey, and Mims with prejudice after the three entered into a

---

[2]Judge Wilson dissented from the denial of interlocutory appeal as he considered the denial of the certification to effectively end the litigation. Judge Wilson also noted that Appellants raised a novel issue of law in this circuit: whether a district court is bound by a decision of the EEOC to grant class status.

settlement agreement with the USAF.[3] Appellants only appeal the district court's denial of class certification.

Two issues are before us in this appeal: (1) whether the district court abused its discretion in denying class certification under Rule 23(a) of the Federal Rules of Civil Procedure ("FRCP") and (2) whether the district court was bound by the EEOC's grant of class status to Appellants.

A district court's decision whether or not to certify a class under Rule 23 of the FRCP is reviewed for abuse of discretion. See Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1278 (11th Cir. 2000). As long as the district court's reasoning stays within the parameters of Rule 23's requirements for certification of a class, the district court decision will not be disturbed. See Shroder v. Suburban Coastal Corp., 729 F.2d 1371, 1374 (11th Cir. 1984). When this court reviews class certification decisions, the fact that this court would grant class certification is irrelevant. Id. The only question before this court is whether the district court abused its discretion in denying the class certification motion. Id.

In order to certify a class under the FRCP, all of the requirements of Rule 23(a) must be met, as well as one requirement of Rule 23(b). See Murray v.

---

[3] The settlement agreement specifically reserved Posey, Hines, and Mims the right to appeal the district court's denial of class certification.

4

Auslander, 244 F.3d 807, 810 n.3 (11th Cir. 2001).  In this case, Appellee does not dispute that Appellants met the requirement of Rule 23(b).  The USAF contends, and the district court found, however, that Rule 23(a)'s requirements were not met.

Four elements are required for a class to be certified under Rule 23(a) of the FRCP: numerosity, commonality, typicality, and adequacy of counsel.  Fed. R. Civ. P. 23(a).  Appellants contend the district court abused its discretion in finding the named plaintiffs did not meet the commonality and typicality requirements in denying class certification.  Thus, only two of the elements of Rule 23(a) – commonality and typicality –  are at issue in this appeal. We first turn to the issue of typicality.

"[T]ypicality measures whether a sufficient nexus exists between the claims of the named representative and those of the class at large.  Without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class." Prado-Steiman, 221 F.3d at 1279.  Therefore, "[a]ny analysis of class certification must begin with the issue of standing." Griffin v. Dugger, 823 F.2d 1476, 1482 (11th Cir. 1987).  Whether the named plaintiffs have standing to assert their claims is a "threshold legal issue subject to de novo review." Andrews v. American Tel. & Tel. Co., 95 F.3d 1014, 1022 (11th Cir. 1996); see also Piazza v. EBSCO Indus., Inc., 273 F.3d 1341,

1345 (11th Cir. 2001). Accordingly, we must determine "that at least one named class representative has Article III standing to raise each class subclaim." Prado-Steiman, 221 F.3d at 1279.

> The class complaint alleged that the USAF:
>
> engaged in an intentional pattern of discrimination by failing to train, promote, hire, place, or select black persons for job positions at Eglin AFB, by retaliating against those who complained by imposing onerous terms and conditions of employment on blacks, by subordinating the qualifications o[f] black employees and applicants, and by otherwise manipulating the selection process and procedures and the organization of positions to prevent selection, promotion, hiring, placement, and assignment of black employees to job positions.

The named plaintiffs sought to bring disparate impact and disparate treatment claims on behalf of a putative class of both current and past African-American civilian employees of Eglin, as well as African-American applicants who were allegedly denied employment at Eglin.

In the third amended complaint, two applicants, Otis Miller and William Owens were named plaintiffs, as well as employees Posey, Hines, and Mims. The district court found that Miller and Owens did not have standing to raise the claims of applicants because of failure to exhaust available administrative

6

remedies before filing suit.  On appeal, Appellants contend that Miller[4] should be excused from administrative exhaustion requirements because he sought help from the EEO office on two occasions and, on one of his visits, was told that Eglin would not accept a formal complaint while the instant class action was pending.[5] Appellants also contend that equitable considerations should be taken into account and exhaustion excused when a plaintiff like Miller actively sought to preserve his rights.  See Miller v. Marsh, 766 F.2d 490, 493 (11th Cir. 1985)(applying equitable tolling to find plaintiff's complaint timely filed because plaintiff was "lulled" into pursuing other channels by EEO officials).

Miller does not qualify for an exception to the exhaustion requirement, however, because filing a complaint with the EEOC is a prerequisite to the equitable exceptions to administrative exhaustion.  See Grier v. Sec'y of the Army, 799 F.2d 721, 724 (11th Cir. 1986).  The plaintiff in Grier, like Miller, argued that she should have been excused from the EEOC filing requirement because "she was

---

[4] Owens, the other proposed class representative for persons who applied for and were denied employment at Eglin never claims to have attempted to file a complaint with the EEOC. Owen's designation as a class representative hinges on Miller's EEOC filling under the "single filing" rule.  See Griffin v. Dugger, 823 F.2d 1476, 1492 (11th Cir. 1987).  The single filing rule, however, would not save Miller and Owens's claims based on Hines and Posey's filing of an EEOC complaint because this court does not consider discrimination towards employees and applicants to be similar treatment for purposes of the single filing rule.  See id. at 1493.

[5] Appellants also argue that Miller's failure to file should be excused as futile because Eglin was not investigating new complaints during the pendency of the instant class action.

7

counseled not to file such a charge by an Army personnel officer and the Atlanta Office of the EEOC." Id. at 724. This court found that even if Grier had, in fact, attempted to file "such equitable considerations are relevant to whether the timeliness requirement for filing a charge should be subject to equitable tolling, not whether a charge must ever be filed at all; *it is her failure to exhaust or even begin her administrative remedies that bars her suit*." Id. at 724 (emphasis added). Therefore, based on this court's decision in Grier, Miller's failure to file an EEOC claim absolutely bars his claims against the USAF, and accordingly, Miller and Owens lack standing to raise the class claims of unsuccessful applicants.

No question exists regarding the remaining three putative class representatives' standing. Hines and Posey filed an administrative complaint with the EEOC, and based on the single filing rule, see Griffin, 823 F.2d at 1492, Mims was not required to file an EEOC complaint. Although Hines, Posey, and Mims all settled individual claims with the USAF, they still have standing to appeal the denial of certification because the settlement agreement preserved their right to appeal the class certification decision. See Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 336-340 (1980) (explaining that an Article III controversy can remain and plaintiffs still have standing to appeal a denial of class certification

8

after settlement of individual claims); <u>Shores v. Sklar</u>, 885 F.2d 760, 763 (11th Cir. 1989) (en banc) (requiring potential representative plaintiffs denied class certification to reserve the right to appeal class certification if they settle their individual claims).

Therefore, after resolution of the standing issue, three named plaintiffs remain – Posey, Hines, and Mims. We now turn to our determination as to whether the district court abused its discretion in determining that the remaining plaintiffs did not present claims typical of the class. Inquiries into typicality focus on the similarities between the class representative's claims and the claims of the individuals in the putative class. <u>Piazza</u>, 273 F.3d at 1345.

As stated earlier, our review of a district court's denial of class certification order is only for abuse of discretion; whether, in reviewing the record de novo, we would certify the class is of no consequence. <u>Shroder</u>, 729 F.2d at 1374. Abuse of discretion review allows for "a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." <u>United States v. Kelly</u>, 888 F.2d 732, 745 (11th Cir. 1989).

The district court found that the three remaining plaintiffs did not adequately represent the spectrum of jobs and divisions at Eglin because they "seek to represent a class that is far too broad." Reviewing our precedent in this area, we

find the district court's determination to be within the range of permissible choice and thus not a clear error of judgment.[6] See Coon v. Geogia Pacific Corp., 829 F.2d 1563, 1566-67 (11th Cir. 1987)(finding that although plaintiff denied promotion could possibly represent a smaller class, the plaintiff never proposed such a class and the district court did not abuse its discretion in denying certification of a class that encompassed promotion, hiring, and transfer claims).

The class complaint in this case alleged that discrimination against African-Americans permeates Eglin's civilian employment practices – impacting hiring, transfers, and promotions. None of the class representatives, however, have hiring or transfer claims. Nor do the three putative class representatives adequately represent the spectrum of Eglin's civilian employees. Although Hines and Posey could potentially represent white-collar non-professional employees and Mims could serve as a representative of blue-collar employees, the district court did not abuse its discretion in finding their interests may not be co-extensive with those of professional civil service employees. See Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1568-70 (11th Cir. 1992) (finding that the district court did not abuse its discretion in denying class certification to a class

---

[6] Our affirmance based on the finding that the class was too broad does not endorse the district court's other findings on the typicality or commonality issue.

challenging race discrimination in "recruiting, hiring, job assignments, training, evaluations, promotions, transfers, discipline, [and] retaliation" because the plaintiffs sought to challenge too broad a spectrum of employer practices for too broad a group of employees).

The proposed class also included African-American supervisors. At the heart of the proposed class's claims were allegations that the system of promotion and selection at Eglin delegates decision making to low-level supervisors resulting in race discrimination. Although the majority of supervisors are white, over one hundred African-American supervisors are included in the proposed class. Accordingly, based on our prior precedent, finding that the interests of the African-American supervisors and the named plaintiffs are not co-extensive is not an abuse of discretion. See Walker v. Jim Dandy Co., 747 F.2d 1360, 1364-65 (11th Cir. 1984) (finding no abuse of discretion when district court found that applicants for supervisory positions did not have a sufficient nexus of claims with those applying for non-supervisory positions to represent them in a class action).

Based on the above considerations, we conclude that the district court did not abuse its discretion in finding that the named plaintiffs did not meet Rule 23(a)'s typicality requirement. Because Rule 23(a) requires all four factors to be

11

met before a class is certified, we need not review the district court's findings regarding commonality.

Alternatively, Appellants contend that the district court should not have conducted its Rule 23(a) analysis at all because it was bound by an earlier EEOC class certification. On January 29, 1996, the EEOC certified an administrative class of African-American employees and applicants at Eglin, finding, inter alia, that the commonality and typicality requirements necessary for class certification were met.[7] Appellants expressly requested enforcement of the EEOC's class certification decision in their amended complaint. Appellants cite an unpublished district court case from the Northern District of California, Charles v. Dalton, No. C-91-2153MHP, 1996 WL 53633 (N.D. Cal. Jan 31, 1996), in support of their contention that the district court was bound by the EEOC determination. In Charles, the district court found that the Navy was bound by the EEOC's decision certifying a plaintiff class. Charles, 1996 WL 53633 at *2 . Appellants suggest this case should be particularly persuasive because the decision relies on an Eleventh Circuit decision, Moore v. Devine, 780 F.2d 1559 (11th Cir. 1986).

---

[7] Only appellants Posey and Hines filed the administrative class complaint of discrimination.

In Moore, this court recognized that district courts are required to "enforce final EEOC decisions favorable to federal employees when requested to do so." Id. at 1560. The panel in Moore explained the role of the EEOC in regard to federal employees' charges of discrimination by their employing agency. The EEOC first investigates and makes a determination regarding the discrimination claim against the agency. Id. at 1562. The EEOC can then recommend and order any necessary corrective action. Id. The agency is required to implement the EEOC's ordered remedy, subject to any appeals for reconsideration. Id. If the agency fails to comply with the EEOC's order for corrective action, the employee can seek to enforce the EEOC's order in federal district court or, if she prefers, raise her claims de novo before the district court as any privately employed litigant could. Id. at 1563.

In this case, however, Appellants were not seeking enforcement of an EEOC final order, as the EEOC had not yet reached a final determination on the merits of Appellants' claim. After the EEOC certified the administrative class, Appellants, by immediately filing suit in district court, failed to allow the administrative process to run its course. Therefore, unlike a federal employee seeking judicial enforcement of a final EEOC order, Appellants abandoned the administrative process and, thus, have no final order for the district court to enforce. Appellants

13

simply seek to "pick and choose" from portions of a preliminary administrative order without allowing the administrative process to complete itself. See Moore, 780 F.2d at 1564. Accordingly, the district court was not bound by the EEOC's class certification determination.

For the foregoing reasons, we AFFIRM the district court's denial of class certification.