[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2007
THOMAS K. KAHN
CLERK

No. 06-14250
Non-Argument Calendar

D. C. Docket No. 05-00103-CV-FTM-99-DNF

LU ANN GUY, individually and on behalf
of all those similarly situated,

                                        Plaintiff,

ETHEL COY,

                                        Plaintiff-Appellant,

                        versus

ALLSTATE FLORIDIAN INSURANCE COMPANY,

                                        Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

(February 9, 2007)

Before ANDERSON, DUBINA  and BARKETT, Circuit Judges.

PER CURIAM:

Appellant, Lu Ann Guy ("Guy") brought an action in the district court seeking insurance benefits under policies issued by Allstate Floridian Insurance Company ("Allstate Floridian"). Specifically, Guy alleged that her home suffered mold damage after Hurricane Charley, and she sought recovery of mold remediation benefits under her homeowners insurance policy. Guy sought to maintain the case on behalf of a putative class of insureds who suffered mold damage to their homes. A magistrate judge recommended that the motion for class certification be denied. The district court adopted the magistrate judge's report and recommendation and denied class certification on three grounds: lack of commonality, lack of predominance, and lack of superiority.

This court reviews an order denying class certification for abuse of discretion. *Hines v. Widnall*, 334 F.3d 1253, 1255 (11th Cir. 2003). The district court abuses its discretion when it "fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Heffner v. Blue Cross and Blue Shield of Alabama, Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006) (quoting *Birmingham Steel Corp. v. TVA*, 353 F.3d 1331, 1335 (11th Cir. 2003).

After reviewing the record and reading the parties' briefs, we conclude that there was no abuse of discretion by the district court in denying class certification.

Specifically, we agree with the district court that the appellant could not establish common questions of law and fact because these claims are based on the existence and extent of mold damage to insured homes after the 2004 Florida hurricanes. We also agree with the district court's finding that common issues do not predominate and that a class action is not a superior method to resolve claims seeking mold remediation benefits under homeowners insurance policies. Accordingly, we affirm the district court's order denying class certification.

**AFFIRMED.**[1]

---

[1]We deny all pending motions as moot.