[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12464
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 3, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-02000-CV-JEC-1

HECTOR LUNA,
JULIAN GARCIA,
BARTOLO NUNEZ, individually and on
behalf of all others similarly situated, et al.,

Plaintiffs-Appellants,

versus

DEL MONTE FRESH PRODUCE (SOUTHEAST), INC.,
DEL MONTE FRESH PRODUCE N.A., INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 3, 2009)

Before WILSON, PRYOR and COX, Circuit Judges.

PER CURIAM:

Plaintiffs are migrant and seasonal workers who worked on farms run by defendant Del Monte Fresh Produce (Southeast), Inc. ("Del Monte SE") near Helena, Georgia, during the 2003-2006 harvest seasons. Plaintiffs allege that Del Monte SE and its parent corporation, Del Monte Fresh Produce N.A., Inc.[1] (collectively with Del Monte SE, "Defendants") failed to pay them properly, pursuant to agreement and federal laws. They filed this putative class action asserting claims for breach of contract (Count I), violation of the Migrant and Seasonable Agricultural Workers Protection Act (AWPA) (Count II), and violation of the Fair Labor Standards Act (FLSA) (Count III). Plaintiffs sought certification of two mutually exclusive classes: a class of workers who had H-2A visas, to be represented by Plaintiffs Hector Luna, Julian Garcia, and Francisco Javier Lorenzo ("the Count I class"); and a class of workers who came from within the United States and did not have H-2A visas, to be represented by Santos Maldonado, Patricia Woodard, and Bartolo Nuñez ("the Count II class"). All Plaintiffs also sought certification of a collective action to pursue their Count III FLSA claims. The district court denied class certification of both the Count

---

[1]The district court dismissed Plaintiffs' claims against Del Monte Fresh Produce N.A., Inc., prior to considering Plaintiffs' motion for class certification, on the grounds that the parent corporation did not employ Plaintiffs. Plaintiffs challenge that dismissal in a separate appeal.

Plaintiffs moved to certify classes to maintain their claims against both Del Monte SE and the parent corporation. The district court denied the motion. We consider the propriety of class certification for the claims originally asserted against the parent corporation as well as those asserted against Del Monte SE. *See Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 (11th Cir. 2003).

I and Count II classes but granted certification of the Count III FLSA collective action. In this appeal, Plaintiffs challenge the denial of class certification pursuant to Federal Rule of Civil Procedure 23(b)(3).[2]

"A district court's decision whether or not to certify a class under Rule 23 of the FRCP is reviewed for abuse of discretion. As long as the district court's reasoning stays within the parameters of Rule 23's requirements for certification of a class, the district court decision will not be disturbed." *Hines v. Widnall*, 334 F.3d 1253, 1255 (11th Cir. 2003) (citations omitted).

Federal Rule of Civil Procedure 23 allows certification of a class action only if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). To maintain a class action under Federal Rule of Civil Procedure 23(b)(3), the requirements of Rule 23(a) must be met <u>and</u> the district court must "find[] that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is

---

[2]Plaintiffs sought class certification under Federal Rule of Civil Procedure 23(b)(2) also. But, they do not challenge on this appeal the district court's denial of class certification pursuant to that rule.

superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

In this case, the district court denied class certification on Count I because it found that the requirement of Rule 23(a)(4) was not met. The court found that the proposed Count I class representatives were inadequate to protect the interests of the Count I class members because Luna and Lorenzo had violated their H-2A visas in ways that impacted their ability to seek damages on behalf of the Count I class for employment-related expenses and that Luna and Lorenzo may not be willing or able to appear in the United States to prosecute the action. The court also found proposed Count I class representative Garcia inadequate because he lacked sufficient knowledge to support the wage claims of absentee Count I class members.

With respect to Counts I and II, the district court found that the requirements of Rule 23(b)(3) were not met because common questions of law or fact did not predominate over questions affecting only individual members. The district court found that there were common issues to be resolved, including whether Del Monte SE paid Plaintiffs the mandatory wage rate for all work they performed and whether Del Monte SE maintained complete and accurate pay records of the Plaintiffs' work. But, the district court also found that resolution of the issues in the case would require individualized proof of the compensation received by each worker and the hours he

4

or she worked. The court found that it would be necessary to assess each worker's productivity to resolve his or her claim that Defendants failed to supplement piece-rate earnings to meet the mandatory wage rate.

We cannot say that the district court abused its discretion in finding that the requirements of Rule 23(b)(3) were not met. The district court did not err in finding that liability would hinge upon evaluation of proof as to each individual's earnings and time worked. The court considered that both common and individual questions exist in this case and made the decision that, given the proof required to support Plaintiffs' claims, common questions did not predominate. "Where, after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3)." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004) (citation omitted).

Here, the district court recognized that both common and individual issues existed within the case and, weighing those issues, decided against certification. We may have weighed the issues differently. But, "[e]ven if we would have certified a class, that does not mean the district court abused its discretion in declining to do so." *Cooper v. Southern Co.*, 390 F.3d 695, 711 (11th Cir. 2004) (citations omitted).

5

We need not consider whether the district court properly determined that the proposed representatives of the Count I class were inadequate. Because the district court acted within its discretion in finding that the requirements of Rule 23(b)(3) were not met, the court did not err in denying class certification under that rule, regardless of the adequacy of the Count I class representatives.

AFFIRMED.