**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11062

Non-Argument Calendar

————————————

KATHLEEN SAFFORD,

*Plaintiff-Appellant,*

*versus*

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,

a foreign corporation,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:23-cv-00515-JSM-PRL

————————————

Before ABUDU, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Kathleen Safford appeals the district court's entry of summary judgment in favor of her former employer on her discrimination, retaliation, and hostile work environment claims. After careful review, we agree with the district court that Safford failed to timely exhaust her administrative remedies on those claims and affirm.

## I. BACKGROUND

Safford worked for Sedgwick Claims Management Services, Inc. ("Sedgwick") from 2016 through 2023. According to Safford, during her time at Sedgwick, she routinely handled difficult and complex insurance claims but was repeatedly passed over for supervisory promotions. Indeed, in January 2022, Rob Meraz, a 50-year-old man, was hired from outside the company for the Director of Complex Claims and Litigation role and became Safford's immediate supervisor. Safford contended that Meraz was unqualified for this position because he had no experience handling complex commercial claims and did not possess the proper licensure for the first six months of his employment. She also suggested that in the two years prior to her departure from Sedgwick, every supervisory position in her department was filled by a man under 50 years old, "regardless of that person's qualifications and experience."

Further, according to Safford, once she turned 65 in October 2022, she became the target of age and sex discrimination and was subjected to a hostile work environment. Specifically, during a phone call on December 6, 2022, Meraz allegedly denied Safford's

request for a lighter workload, and just three days later she received a Final Written Notice ("FWN"), alleging deficient performance based on inappropriate behavior during a client call the month before and mishandling of an insurance claim that led to the client's counsel providing incorrect advice. Then, in April 2023, Safford received an Extended Final Written Notice stating that she was not complying with the original FWN's corrective plan and outlining additional performance issues. During this time, Safford was also allegedly subjected to verbal harassment and bullying and began to receive fewer work assignments. Sedgwick ultimately terminated Safford on July 25, 2023, for violating a company confidentiality policy, as she had been forwarding company emails to her personal account.

Following her termination, Safford filed a counseled complaint against Sedgwick and raised the following claims: (1) age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"); (2) age discrimination under the Florida Civil Rights Act ("FCRA"); (3) sex discrimination under Title VII of the Civil Rights Act of 1964; (4) sex discrimination under the FCRA; (5) retaliation under the FCRA; (6) retaliation under the ADEA; (7) hostile work environment under the ADEA, Title VII, and the Americans with Disabilities Act ("ADA"); (8) defamation; and (9) breach of contract.

In her complaint, Safford indicated that she had timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In that EEOC charge, which was

attached to the complaint, Safford noted that her allegations were "based upon age and sex," and she identified the earliest date of discrimination as December 9, 2022, but noted that this was a "continuing action." Safford further supplied the EEOC with the following "particulars of the discrimination":

> Petitioner has been employed by Sedgwick since 2016 and is now a Senior Complex Claims Advisor, a position that she has held since approximately July 2021. On December 9, 2022, Petitioner received a 'Final Written Notice' alleging false claims of performance issues in her employment. Although the notice was identified as a 'Final Written Notice,' Petitioner had never previously received any written notice of performance deficiencies prior to December 9, 2022. Petitioner is a 65 year old woman. Sedgwick has been hiring and/or promoting younger inexperienced males to serve as supervisors in Petitioner's department and all upper management at Sedgwick for property claims in the US and Canada are male. The Petitioner's supervisors have discussed Petitioner's age and the fact that she is a grandmother. The accusations in the 'final written notice' are false and being used as a pretext to terminate Petitioner from her employment. The remedial actions demanded by Petitioner's supervisors are impossible to meet while effectively performing her job and are being utilized to set up Petitioner for failure. Despite being better qualified than other candidates, Petitioner has been passed over for promotion. Less qualified and younger male employees have received promotions

instead of Petitioner. Respondent's hiring and promotion practices demonstrate that the real reason Petitioner has been singled out for adverse employment action is due to her age and the fact that she is a woman.

The EEOC received Safford's charge on February 1, 2023. After the EEOC was unable to act on the charge within 180 days of filing, it issued Safford a right to sue letter, and the instant complaint followed.

On Sedgwick's motion, the district court dismissed Safford's defamation and breach of contract claims. Safford does not challenge the dismissal of these claims on appeal. Sedgwick thereafter filed an answer to the complaint that denied the allegations, including those related to Safford's EEOC charge, and alleged several affirmative defenses, including that Safford's claims were barred by her failure to timely exhaust her administrative remedies. And following discovery, Sedgwick moved for summary judgment on the remaining claims, primarily based on Safford's failure to exhaust.

The district court agreed and granted Sedgwick's motion. The court first noted that Safford's EEOC charge, her only filing before the agency, did not specifically contain any claims related to Meraz's hiring, her termination, any alleged disability, or a hostile work environment. The court went on to conclude that, to the extent that Safford's four discrimination claims were premised upon Meraz's hiring, they were time-barred because her charge was filed 373 days after that purported discriminatory action.

The district court further disagreed with Safford that her claims based upon her termination and an alleged hostile work environment could be reviewed as "continuing violations." It found that her allegations related to her termination "d[id] not amplify, clarify, or more clearly focus" the content of her EEOC charge. Rather, the court concluded that Safford's termination was an entirely separate matter based on a policy violation, not purported performance issues or discipline. It further noted that Safford admitted during her deposition that she "did not identify anyone in the charge who discriminated against her, and her termination, hostile work environment, and . . . alleged disability [were] not part of her EEOC charge." The court elaborated that the EEOC's "charge file" confirmed that it did not undertake an investigation related to any claims arising out of Safford's termination, a purported hostile work environment, an alleged disability, or discriminatory hiring.

Accordingly, the district court found that Counts One through Seven failed as a matter of law and granted summary judgment in favor of Sedgwick. Following the denial of her Federal Rule of Civil Procedure 59(e) motion for reconsideration,[1] Safford filed the instant appeal.

---

[1] While Safford designated the order denying her Rule 59(e) motion in her notice of appeal, she failed to specifically brief any challenge to this order and has therefore abandoned any contention that the district court's ruling was in error. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014). In any event, because we find that Safford cannot show any error in the district court's summary judgment order on de novo review, we likewise conclude that she cannot show that the court abused its discretion in denying her

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, "viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005). We "will affirm . . . only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Id.* (citing Fed. R. Civ. P. 56(a)).

## III. DISCUSSION

As a precursor to filing her complaint, Safford was required to file a timely charge of discrimination with the EEOC. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). "The purpose of this exhaustion requirement is that the EEOC should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (citation modified).

An EEOC charge is timely under Title VII, the ADEA, and the ADA in a deferral state, like Florida, if filed within 300 days of the last discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1); *Riccard*, 307 F.3d at 1291; *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271

---

motion for reconsideration. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).

(11th Cir. 2002). Similarly, under the FCRA, a plaintiff must file formal charges with the EEOC or a state commission within 365 days of the alleged violation. Fla. Stat. § 760.11(1).

On appeal, Safford maintains that she properly exhausted her administrative remedies before commencing suit. We disagree.

Safford filed one unamended charge with the EEOC on February 1, 2023, and she identified her receipt of the FWN on December 9, 2022, as the earliest occurrence of discrimination. Therefore, any causes of action arising from events before February 1, 2022, for the FCRA, and April 7, 2022, for Title VII, the ADEA, and the ADA, are time-barred. *See id.*; 42 U.S.C. § 2000e-5(e)(1); *Riccard*, 307 F.3d at 1291; *Joe's Stone Crabs*, 296 F.3d at 1271.

The four discrimination claims contained in Safford's complaint appear to have been premised on the contention that Meraz's hiring was a discriminatory act. However, based upon the evidence before the district court, Sedgwick hired Meraz on January 24, 2022—373 days before the filing of Safford's EEOC charge. Therefore, those claims based upon Meraz's hiring fall outside the applicable statutory periods and are time-barred.

Safford similarly failed to exhaust her administrative remedies with respect to her claims of retaliatory termination and a hostile work environment, as her single EEOC charge did not make any reference to these alleged unlawful actions. Judicial claims may "'amplify, clarify, or more clearly focus' the allegations in [an] EEOC complaint, but . . . allegations of new facts of discrimination are inappropriate." *Gregory*, 355 F.3d at 1279–80 (quoting *Wu v.*

25-11062                Opinion of the Court                9

*Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)). Notably, Safford did not amend her EEOC charge or file a new one at any time to include her hostile work environment and retaliation allegations before she received her right to sue letter. *See* 29 C.F.R. § 1601.12(b) (noting that "[a] charge may be amended to cure technical defects or omissions . . . or to clarify and amplify allegations made therein"); *see also Gregory*, 355 F.3d at 1280 ("A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." (citation modified)).

Safford nonetheless contends that the district court could review her complaint notwithstanding these issues because her claims were a part of a continuing action, which ultimately led to her termination. The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim where at least one other violation occurred within the statutory period. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1221–22 (11th Cir. 2001). However, this doctrine does not apply to discrete acts of discrimination, such as a promotion denial or a refusal to hire. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (noting that each instance of failure to promote or refusal to hire is a discrete act of discrimination that constitutes a "separate actionable unlawful employment practice" (citation modified)). Safford's July 2023 termination was one of these discrete acts, as it was based upon her failure to follow Sedgwick's company email policy, rather than any allegations of deficient performance raised in the FWN. *Id.* As such, this

purported culmination of Sedgwick's unlawful behavior is insufficient to invoke the continuing violations doctrine or overcome the fact that Safford's February 2023 EEOC charge did not include the claims she now seeks to pursue.

Further, while a court may toll a limitations period, Safford has not met her burden to demonstrate why such equitable relief should have been extended to her claims. *See Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004). She contends that tolling is appropriate because the EEOC did not timely act on her complaint and she was unaware of certain facts until after the filing of her charge. We disagree. Simply put, the EEOC is not responsible for Safford's failure to amend her initial charge to add the additional claims that she wishes to pursue in federal court. *See id.* (explaining that equitable tolling "should be extended only sparingly" and is inappropriate when a plaintiff did not file an action promptly or failed to act with due diligence (citation modified)); *Villareal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971–72 (11th Cir. 2016).

Because Safford's failure to timely exhaust her administrative remedies serves as an absolute bar to her claims, we cannot say that the district court erred in its award of summary judgment to Sedgwick.[2] *Hines v. Widnall*, 334 F.3d 1253, 1257 (11th Cir. 2003).

---

[2] Safford further argues on appeal that the district court erroneously evaluated the merits of her claims and wrongfully excluded the testimony of her expert witness. Because Safford's failure to exhaust provides an independent basis for our Court to affirm summary judgment, and the expert testimony in question does not implicate this determination, we need not address these issues.

## IV. CONCLUSION

We **AFFIRM** the district court's entry of judgment in favor of Sedgwick.